# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KIMBERLY HARRIS, and
ANGELIA STEELMAN,

       Plaintiffs,

  v.                                                     No. 2:19-cv-00564-KWR-CG

THE GOVERNING BOARD OF ARTESIA
GENERAL HOSPITAL, and RICHARD GIBSON, *et al*.,

       Defendants.

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Attorney's Fees (**Doc. 78**). Having reviewed the pleadings and the applicable law, the Court finds Plaintiffs' motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

Plaintiffs filed this case on June 18, 2019 solely against the Governing Board of Artesia General Hospital and Richard Gibson, asserting 19 claims. On September 9, 2019 they filed an amended complaint adding certain claims and individual defendants. **Doc. 9.** The amended complaint asserted 26 claims against The Governing Board of Artesia General Hospital and several individuals as follows:

    Count I: Violations of Title VII / Gender Discrimination / Disparate Treatment
    Count II: Violations of Title VII / Gender Discrimination / Hostile Work Environment
    Count III: Violations of Title VII / Retaliation
    Count IV: Violations of New Mexico Human Rights Act / Gender Discrimination /
        Disparate Treatment
    Count V: Violations of New Mexico Human Rights Act / Gender Discrimination / Hostile
        Work Environment
    Count VI: Violations of New Mexico Human Rights Act / Retaliation

      Count VII: Violations of the Americans with Disabilities Act / Failure to Accommodate
      Count VIII: Violations of the Americans with Disabilities Act / Retaliation
      Count IX: Violations of the Americans with Disabilities Act / Wrongful Termination
      Count X: Violations of New Mexico Human Rights Act / Disability Discrimination
      Count XI: Violations of New Mexico Human Rights Act / Failure to Accommodate
      Count XII: Violations of New Mexico Human Rights Act / Retaliation because of
            Disability
      Count XIII: Violations of the Family and Medical Leave Act / Interference
      Count XIV: Violations of the Family and Medical Leave Act / Retaliation
      Count XV: Violations of Title VII / Constructive Discharge
      Count XVI: Violations of New Mexico Human Rights Act / Constructive Discharge
      Count XVII: Breach of an Implied Contract of Employment
      Count XVIII: Breach of the Covenant of Good Faith and Fair Dealing
      Count XIX: Civil Conspiracy
      Count XX: 42 U.S.C. § 1983: Fourteenth Amendment / Procedural Due Process
      Count XXI: 42 U.S.C. § 1983: First Amendment / Retaliation
      Count XXII: 42 U.S.C. § 1983: Fourteenth Amendment / Equal Protection
      Count XXIII: 42 U.S.C. § 1983: Fourteenth Amendment / Substantive Due Process
      Count XXIV: 42 U.S.C. § 1983: Fourteenth Amendment / Conspiracy
      Count XXV: New Mexico Constitution Art. II, § 18 Violation of Substantive Due Process
      Count XXVI: Violations of New Mexico Whistleblower Protection Act

Defendants filed a motion to dismiss certain claims. In response, Plaintiff agreed to dismiss counts XIX, XXI, and XXII because those claims were subsumed and addressed in other counts. **Doc. 33 at 1.** The Court granted in part and denied in part the motion to dismiss. **Doc. 41.** The Court dismissed certain § 1983 claims against individual defendants with leave to amend. The Court declined to dismiss some other claims.

Plaintiffs filed a second amended complaint and corrected second amended complaint asserting 22 claims. **Docs. 42, 44.** Defendant Artesia General Hospital filed an answer. Certain individual defendants filed another motion to dismiss, asserting that Plaintiffs failed to fix issues identified by the Court in their amendment.

On June 24, 2020, the parties filed a stipulation of dismissal of all claims against individual defendants Joe Salgado, Jorge Abalos, Marshall Baca, and Cory Yates. Defendants Artesia

General Hospital and Richard Gibson remained. However, Plaintiffs dismissed counts XIX, XX, and XXI against Defendants AGH and Richard Gibson, all § 1983 claims.

Defendant Artesia General Hospital gave offers of judgment pursuant to Fed. R. Civ. P. 68. Plaintiffs accepted the offers of judgment. The offers of judgment also resolved the claims against Richard Gibson. At the time the offer was made, 17 of 22 claims were remaining against Defendant the Governing Board of Artesia General Hospital. *See* **Doc. 78 at 5.**

On October 27, 2020, final judgment was entered in Plaintiffs' favor and against Defendant the Governing Board of Artesia General Hospital.[1] Judgment was entered in the amount of $48,000 for Plaintiff Kimberly Harris and $60,000 in favor of Plaintiff Angelia Steelman. **Doc. 76.** "These amounts are exclusive of costs of suit and attorneys' fees otherwise recoverable in this action." *Id*. This language was consistent with Defendant Artesia General Hospital's offer of judgment. *See* **Docs. 68, 69.**

At the time of the offer of judgment, several individual Defendants and claims had been dismissed. There were 19 claims remaining, 17 of which provided for a statutory recovery of attorney fees for the prevailing party. The New Mexico Human Rights Act claims, FMLA, Title VII, ADA, New Mexico Whistleblower claims, and New Mexico common law claims remained against Defendant.

## DISCUSSION

Plaintiffs request a total amount of $66,372.79 in attorney's fees, paralegal's fees, and gross receipt taxes. This includes $62,316.69 in attorney's fees and taxes **(Doc. 78-1)**, and $4,056.10 in paralegal time and taxes. **(Doc. 78-3).** It is undisputed that Plaintiffs are entitled to some attorney

---

[1] When the Court uses the term "Defendant", it refers to the sole Defendant judgment was entered against, The Governing Board of Artesia General Hospital. The Court sometimes refers to this entity as "Defendant Artesia General Hospital."

3

fees. Defendant requests that the Court reduce the requested fees by 50%. The Court finds Plaintiffs' motion well-taken and will award fees in the full amount requested by Plaintiffs.

At the time judgment was entered, 17 of the remaining claims provided for attorney's fees by statute **Doc. 81 at 2**. These included the Title VII, FMLA, ADA, New Mexico Human Rights Act, and New Mexico Whistleblower claims. *See* 42 U.S.C. § 2000e-5(k) (Under Title VII, court in its discretion may allow prevailing party a "reasonable attorney's fee"); 29 U.S.C. § 2617(a)(3) (In FMLA action, "courts… shall...allow a reasonable attorney's fee… and other costs of the action to be paid by the defendant."); 42 U.S.C. § 12205 (Under Americans with Disabilities Amendment Act, Plaintiff may recover "reasonable attorney's fee, including litigation expenses and costs."); NMSA 1978 § 28-1-13(D) (Under New Mexico Human Rights Act, "the court in its discretion may allow actual damages and reasonable attorney's fees."); NMSA 1978 § 10-16C-14(A) (under the New Mexico Whistleblower Protection Act, "an employer shall be required to pay the litigation costs and the reasonable attorney's fees of the employee."). Defendant does not dispute that Plaintiff is entitled to some fees under these statutes.

**I.      Plaintiffs' attorney's fees are reasonable.**

Generally, to obtain attorney's fees, "a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is reasonable." *Robinson v. City of Edmond,* 160 F.3d 1275, 1280 (10th Cir.1998), *quoted in Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "[A] plaintiff prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Browder v. City of Moab*, 427 F.3d 717, 722 (10th Cir. 2005) (citation and quotation marks omitted). Here,

Plaintiffs prevailed on their claims because judgment was entered in their favor. Although several individual defendants had been dismissed, an offer of judgment was extended and accepted by Plaintiffs when approximately 19 claims against Defendant Artesia General Hospital were pending, 17 of which provided for attorney's fees. As explained below, Plaintiffs obtained substantial success on their claims.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Robinson,* 160 F.3d at 1281 ("[A] court must begin by calculating the so-called 'lodestar amount' of a fee, ... [which] is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.' "). The party requesting attorney's fees bears the burden of proving the two components used to calculate the fee award: (1) the appropriate hourly rate and (2) the amount of hours spent on the case. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281.

### A.     **Hours billed were reasonably expended.**

Initially, the Court finds that the billed hours were reasonably expended in this litigation. The Court reviewed the docket and the evidence before it, including Plaintiffs' attorney billing records. **Doc. 78-1.** Mr. Mozes billed for approximately 165 hours in this case. *See* **doc. 78-1** ($57,767.50 divided by $350 equals 165.05 hours). His paralegal, Ms. Mozes, billed approximately 37.6 hours. *See* **Doc. 78-3** ($3,760 divided by $100 equals 37.6 hours). This was an extensively litigated case on behalf of two Plaintiffs, and the case underwent multiple rounds of dispositive motions and amendments to pleadings. Plaintiffs' attorney represents that he reduced the requested fees for any claims that were unrelated to the Title VII, FMLA, ADAAA,

5

NMHRA, and NMWPA claims.  *See* **doc. 78-5 at ¶ 15.**  Given the complexity of the claims and the litigation before the Court, the hours expended were reasonable.   The Court notes that civil rights and statutory employment cases are among the more complex cases before the Court and the numbers of hours billed is in line with the litigation in this case.   The billing entries were sufficiently detailed to determine whether the billed time was reasonable.  Defendant only had limited objections as to the reasonableness of the number of hours expended, which the Court rejects, as explained below.

Plaintiffs succeeded on 19 of 22 claims in the Corrected Second Amended Complaint, obtaining a judgment of $108,000, in addition to costs and fees.  Certain claims were dismissed by the Court or voluntarily dismissed by Plaintiffs.  "Where a prevailing party succeeds on only some claims, the Court must consider (1) whether the plaintiff's successful and unsuccessful claims were related; and (2) whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel." *Flitton v. Primary Residential Mortg., Inc*., 614 F.3d 1173, 1176–77 (10th Cir. 2010).  The Court need not cut any fees here because the Plaintiffs' attorney represents he cut the fees for the dismissed claims.  **Doc. 78-5 at ¶ 15.**  The Court finds Mr. Mozes' representation credible, and in reviewing each billing entry, the Court sees no evidence that Mr. Mozes billed for the unsuccessful claims.

Alternatively, the Court concludes that Plaintiffs obtained a high degree of success in this case, obtaining a $108,000 judgment in addition to costs and fees on 19 of 22 claims against Defendant Artesia General Hospital.  Although certain claims were dismissed, such as the § 1983 claims, the majority of claims were either unchallenged in the motions or survived dispositive motions.  The successful and unsuccessful claims were related.  Defendant argues that Plaintiffs obtained less than they asked for, but the Court concludes that Plaintiffs still obtained a substantial

degree of success. *See Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1178 (10th Cir. 2010) (rejecting argument similar to Defendant's and concluding that district court should not apply a mathematical or mechanical approach to determining success).

### B. Hourly rates are reasonable and reflect prevailing market rate.

Moreover, Mr. Mozes' hourly rate of $350 is reasonable and reflects the prevailing market rate considering the area in which he practices, his experience, and his skill. A court should generally establish an hourly rate based on what evidence shows the market commands for lawyers of comparable skill and experience practicing in the area of civil rights or analogous litigation. The hourly rates requested by counsel must reflect the prevailing market rates in the community. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Civil rights attorneys in this district engage in complex federal litigation and should be paid like attorney practicing in complex commercial litigation. The Court has reviewed decisions in this district which discuss reasonable fees and prevailing market rates. These decisions have generally found $350 reasonable for a plaintiff's attorney of Mr. Mozes skill and experience who practice in the area of civil rights and employment law. *See New Mexico ex rel. Balderas v. Valley Meat Co*., LLC, 2015 U.S. Dist. LEXIS 175064, *77 n.7  D.N.M. 2015) (reviewing attorney fee decisions and finding that $350 is reasonable for attorneys who graduated law school before 1996). This Court previously found back in 2011 that $95 is reasonable for legal support staff. *Valdez v. Herrera*, No. 09—CV—0668 JCH/DJS, Order Granting Attorneys' Fees at 3 (Doc. 149), 2012 U.S. Dist. LEXIS 177639 (D.N.M. Mar. 21, 2011).

Mr. Mozes has been a practicing in the area of civil rights and federal statutory employment law since 1994. **Doc. 78-5.** Mr. Mozes attached an affidavit detailing his experience. **Doc. 78-5.** Moreover, Mr. Mozes also attached the affidavit of Charles Archuleta, an experienced civil rights attorney in the New Mexico, who avers that $350 is a reasonable rate for a civil rights attorney

with Mr. Mozes' skill and experience. The Court finds, based on the evidence, that an hourly rate of $350, the amount Mr. Mozes has been charging his clients, is reasonable for an attorney with similar experience and skill in the marketplace. The parties cite to various decisions in this district issued four years ago to more than a decade ago to either support or undermine the $350 rate. *See, e.g., Calderon v. Herrera*, 2012 U.S. Dist. LEXIS 194185, *3 (D.N.M. 2012) (Finding hourly rate of $300 – *back in 2012* – appropriate). The decisions that approved a rate lower than $350 were issued several years to more than a decade ago. Other decisions reflect that a reasonable rate for an attorney of Mr. Mozes skill, experience, and practice area is $350. *See New Mexico ex rel. Balderas v. Valley Meat Co.*, LLC, 2015 U.S. Dist. LEXIS 175064, *77 n.7 D.N.M. 2015) (reviewing attorney fee decisions that found $350 is reasonable for attorneys who graduated law school before 1996). The Court concludes those cases support the finding that the going rate *now* for an attorney of Mr. Mozes experience and skill would be $350, and that his paralegal may bill at $100.

### C. Total Attorney's and paralegal fees awarded.

For the reasons stated above, Plaintiffs' fees are reasonable. Defendant does not object to paying the gross receipts tax. Therefore, the Court approves Plaintiffs' requested attorney's fees, paralegal's fees, and taxes in the amount of $66,372.79.

## II. Defendant's arguments are unavailing.

Defendant requests that the requested amount of fees be reduced by 50%. The Court addresses each of Defendant's argument and rejects them.

### A. Plaintiffs obtained substantial success.

Defendant argues that Plaintiffs' obtained limited success on their claims, only obtaining a judgment that was 10-12% of their requested amount.

Initially, the Court notes that Defendant's quantitative or mechanical approach to "success" has been rejected by the Tenth Circuit. *See Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1177–78 (10th Cir. 2010). In *Flitton*, the plaintiff only succeeded on one out of five causes of action, and only received $354k out of her requested $27 million. The plaintiff in *Flitton* only recovered approximately 1% of the amount she sought. The Tenth Circuit concluded that the district court did not abuse its discretion in declining to reduce fees on this basis. The Tenth Circuit said it has "rejected the mechanical approach to assessing a plaintiff's degree of overall success." *Id.* at 1178.

Here, as explained above, Plaintiffs were substantially successful. The vast majority of their claims were still pending following two rounds of dispositive motions. Judgment was entered when approximately 19 claims were still pending, and they obtained a judgment in the amount of $108,000 in addition to costs and fees. Reviewing the case and record as whole, Plaintiffs were substantially successful.

Defendant also argues that Plaintiffs were not successful on all claims and the fee award should therefore be reduced. "[F]ailure on some claims should not preclude full recovery [of attorney's fees] if [the] plaintiff achieves success on an inter-related claim." *Flitton*, 614 F,3d at 1177, *citing Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995). Where claims are related, a plaintiff who has achieved substantial success should not have his or her attorney's fee reduced because complete success was not achieved on all claims. *Hensley*, 461 U.S. at 440. Here, the claims were clearly related and the fees should not be reduced.

Alternatively, the Court need not reduce the fee award here on that basis, because as credibly explained by Mr, Mozes in an affidavit, he removed fees for the unsuccessful claims. Mr.

9

Mozes' billing records are sufficiently detailed, and the Court sees no evidence that he has billed for the unsuccessful claims. *See* **Doc. 78-5 at ¶ 15.**

### B. Mr. Mozes sufficiently itemized billings.

Defendant argues that Mr. Mozes failed to itemize his billing. The Court disagrees. Mr. Mozes itemized his billing and his descriptions were sufficiently detailed to determine whether the time spent on each item was reasonable. Billing records do not require "great detail." *Flitton*, 614 F.3d at 1178.

Defendant also argues that it is unclear whether the billing statement includes fees for the unsuccessful claims. However, Plaintiffs and Mr. Mozes stated that he already reduced or removed fees for time spent on claims that were dismissed. The Court finds Mr. Mozes' affidavit on this matter credible. **Doc. 78-5 at ¶ 15.**

Defendant argues that billing for communication with Plaintiffs regarding their job searches is inappropriate. The Court disagrees. This communication is relevant to the litigation, because it is relevant to mitigation and damages.

### C. Hourly rate not excessive.

Defendants argue that Mr. Mozes' hourly rate is excessive. It seeks to reduce his hourly rate from $350 to $300. For the reasons stated above, the Court disagrees.

Defendant largely points to cases approximately *a decade old* in which $300 was approved. **Doc. 79 at 10.** If anything, these cases support the proposition that *today* the prevailing market rate would be $350. As explained above, $350 is a reasonable amount and the prevailing market rate for an attorney practicing, and with Mr. Mozes' skill and experience.

### D. Fees for private mediation reasonable.

Defendant argues that Plaintiffs should not be able to bill for a private mediation. Defendant provides no authority for this proposition. The mediation occurred after the complaint was filed, and the Court finds it was reasonably related to the litigation.

### E. Paralegal expenses are reasonable.

Defendant argues that paralegal's fees should be reduced because (1) the hourly rate is too high and (2) the fees were billed for unsuccessful claims. The Court disagrees.

Initially, no paralegal fees have been requested for the unsuccessful claims.

In this district, the prevailing market rate for a paralegal of Ms Mozes' experience and skill is at or above $100 per hour. Ms. Mozes has 24 years experience working as a certified senior litigation paralegal. *See  New Mexico ex rel. Balderas v. Valley Meat Co*., LLC, 2015 U.S. Dist. LEXIS 175064, *77 n. 7, *citing Johnson v. Life Ins. Co. of N. Am*,, No. 05—CV—0357 JCH/RLP, Memorandum Opinion and Order (Doc. 127), 2009 U.S. Dist. LEXIS 132656, at *6 (D.N.M. Mar. 13, 2009) (finding that $105.00 per hour is a reasonable rate for a paralegal with nine years of experience); *Valdez v. Herrera*, No. 09—CV—0668 JCH/DJS, Order Granting Attorneys' Fees at 3 (Doc. 149), 2012 U.S. Dist. LEXIS 177639 (D.N.M. Mar. 21, 2011)(Herrera, J.) ($95 was a reasonable rate for a paralegal in 2011).

Moreover, Plaintiffs billed for 37.6 hours of paralegal work. Reviewing the individual billing, the Court finds that the hours were reasonably expended.

### CONCLUSION

Plaintiffs' requested attorney's fees and paralegal's fees are reasonable. The Court approves the requested fee award, which includes gross receipt tax, in the amount of $66,372.79.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorney Fees (**Doc. 78**) is **GRANTED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**